UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CARLOS DAWAYNE FOXX                                                      PLAINTIFF

VERSUS                                            CIVIL ACTION NO. 1:17CV61-LG-RHW

STATE OF MISSISSIPPI et al                                             DEFENDANTS

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Plaintiff Carlos Dawayne Fox, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C.

§ 1983 prisoner civil rights complaint.  Doc. [1].  During the relevant time frame, Plaintiff was

an inmate at the South Mississippi Correctional Institution (SMCI).  Defendants Jarita Bivens,

Debbie Cooley, and Hubert Davis were employees of the Mississippi Department of Corrections

(MDOC) at SMCI.  At times, the chronology and factual basis for Plaintiff's claims are difficult

to decipher; however, he generally alleges that Defendants retaliated against him because he filed

prior lawsuits and/or grievances.

He alleges that Defendant Cooley "retaliated in many abusive ways of my complaints",

forged documents, put his life in jeopardy, and retaliated against him with threatening words.  *Id.*

at 5-6.  According to Plaintiff, on one occasion in December 2016, Defendant Cooley ignored his

request not to be placed in zone A-1 because "someone was going to do something" to him.  He

then was assaulted on January 25, 2017, thereby putting Plaintiff's life in jeopardy.  *Id.* at 5.  He

alleges that Defendant Davis violated his rights "in many abusive ways. . . because he known

about everything and said nothing about it."  *Id.* at 6.  He alleges that Defendant Bivens forged

documents and lied about Plaintiff seeing CID.  *Id.* at 7.  Plaintiff then provides a long,

somewhat confusing history of state criminal proceedings against him, dating back to a 2001

juvenile conviction in Coahoma County and continuing through a 2009 armed robbery

conviction, as well as other ancillary criminal matters.  *Id.* 11-12.  Plaintiff's narrative continues

with a history of his incarceration, Rule Violation Reports (RVRs), civil litigation, and habeas

petitions.  *Id.* at 12-16.  Plaintiff seeks compensatory damages in the amount of

$180,000,900,000.00.  He further demands that all charges be removed from his record, that he

be sent out of the State of Mississippi, and that security be provided to him until he is transferred

out of state.  The undersigned conducted a screening hearing on April 5, 2018.

Defendants have filed a motion for summary judgment.  Doc. [59].  Plaintiff has not filed

a response in opposition.  Although styled as a motion for summary judgment, Defendants offer

no exhibits or affidavits in support of the motion.  Nevertheless, the undersigned finds that

Plaintiff has failed to state constitutional claim and therefore recommends Defendants' motion

for summary judgment be granted and that Plaintiff be assessed a strike pursuant to 28 U.S.C.

§ 1915(g).

## Law and Analysis

### Summary Judgment Standard

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law."  Fed. R. Civ. P. 56(a); *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627

F.3d 134, 138 (5th Cir. 2010).  Where the summary judgment evidence establishes that one of

the essential elements of the plaintiff's cause of action does not exist as a matter of law, all other

contested issues of fact are rendered immaterial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

(1986); *Topalin v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).  In making its determinations

of fact on a motion for summary judgment, the court must view the evidence submitted by the

parties in a light most favorable to the non-moving party.  *McPherson v. Rankin*, 736 F.2d 175,

178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material

fact and the appropriateness of judgment as a matter of law to prevail on its motion.  *Union*

*Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this

by informing the court of the basis of its motion, and by identifying portions of the record which

highlight the absence of genuine factual issues.  *Topalian*, 954 F.2d at 1131.  "Rule 56

contemplates a shifting burden: the nonmovant is under no obligation to respond unless the

movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]."

*John v. State of Louisiana*, 757 F.3d 698, 708 (5th Cir. 1985).  Once a properly supported motion

for summary judgment is presented, the nonmoving party must rebut with "significant probative"

evidence.  *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

## Sovereign Immunity

As an initial matter, Plaintiff's claim for compensatory damages against Defendants in

their official capacities fails because Defendants are entitled to Eleventh Amendment sovereign

immunity.  Defendants are employees of the MDOC, which is an arm of the State of Mississippi.

As such, MDOC and its employees are cloaked with the protection of sovereign immunity from

lawsuits seeking monetary damages.  *See* Miss. Code Ann. § 11-46-5(4); *Am. Bank and Trust*

*Co. v. Dent*, 982 F.2d 917, 921 (5th Cir. 1993) (citing *Will v. Mich. Dep't of State Police*, 491

U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity . . . is no different

from a suit against the State itself.")) *Williams v. Mississippi Dep't of Corr.*, 2012 WL 2052101

at *1-2 (S.D. Miss. 2012) ("MDOC is considered an arm of the State of Mississippi" and is

immune under the Eleventh Amendment).  The Supreme Court has recognized a narrow

exception to Eleventh Amendment immunity which allows suits for prospective injunctive relief against state officials sued in their official capacities. *See McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011) (citing *Ex Parte Young*, 209 U.S. 123, 159-60 (1908)). However, Plaintiff fails to meet this exception because he has not alleged that any of the named Defendants violated federal law. *Id.* As will be discussed below, Plaintiff's claims against Defendants in their individual capacities fail because he has not adequately alleged federal constitutional claims against them.

**Retaliation**

The thrust of Plaintiff's complaint is that Defendants retaliated against him. Plaintiff appears to allege that Defendants retaliated against him based on his history of criminal and civil litigation; however, he provides no factual basis connecting his litigation history to any acts committed by Defendants. To state a valid claim for retaliation under § 1983, Plaintiff must allege (1) a specific constitutional right; (2) the defendants' intent to retaliate against the prisoner for his exercise of that right; (3) a retaliatory adverse act, and (4) causation. *See Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). Retaliation against a prisoner is actionable only if it is capable of deterring a prisoner of ordinary firmness from further exercising of his constitutional rights. *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008). The inmate must allege more than his personal belief that he was the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Mere conclusory allegations of retaliation are not enough. *Moody v. Baker*, 857 F.2d 256, 258 (5th Cir. 1988). To demonstrate causation, the plaintiff must establish that but for the retaliatory motive the complained of incident would not have occurred. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998).

Plaintiff asserts that Defendants retaliated against him for exercising his right to file grievances and lawsuits; however, he offers nothing more than personal belief and conclusory

allegations of this retaliation.  He repeats several times that Defendants retaliated against him in

"many abusive ways".  He merely identifies RVRs or facility transfers or inmate assaults and

then states in conclusory fashion that these acts was done in retaliation.  He does not present

sufficient facts or a chronology of events from which one could infer that Plaintiff's lawsuits and

grievances caused the retaliatory acts.  For example, he states that he was sent from SMCI to

East Mississippi Correctional Facility in March 2018 "due to retaliation", but without further

elaboration.  *Id.* at 13-14.  He alleges that "retaliation came about to me physical, mentally,

sexually in many abusive ways" but without providing any specific incidents.  *Id.* at 14.

According to Plaintiff, a threat occurred on April 18, 2016, for which he required protection.

Someone threatened Plaintiff with a knife, so he ran out of the cell and received an RVR.  *Id.* at

15.  Plaintiff was transferred to Wilkinson County Correctional Facility on July 7, 2016, and he

alleges assassination attempts against him.  *Id.*  He was transferred back to SMCI and alleges he

"got assaulted again which was retaliation", but without providing any link between the exercise

of his constitutional rights and the assault.  *Id.*  Simply put, Plaintiff's complaint fails to allege

sufficient facts to state a claim for retaliation.

**Failure to Protect**

In his complaint, Plaintiff identifies various threats and attacks from other inmates.

Liberally construed, Plaintiff alleges that Defendants failed to protect him from a threat of harm.

Prison officials have a constitutional duty to protect inmates from violence at the hands of their

fellow inmates.  *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006).  However, prison officials

are not expected to prevent all inmate-on-inmate violence.  *Adames v. Perez*, 331 F.3d 508, 512

(5th Cir. 2003).  An inmate "must show that he is incarcerated under conditions posing a

substantial risk of serious harm" and that prison officials were deliberately indifferent to the

inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An official acts with the

requisite deliberate indifference if he is aware of an "excessive risk to inmate . . . safety" and

disregards that risk. *Id.* at 837. An officer's awareness of the risk is evaluated subjectively.

*Longoria*, 473 F.3d at 592-93. A prison official knows of an excessive risk only if (1) he is

aware of facts from which he could infer that a substantial risk of serious harm exists, and (2) he

in fact draws the inference. *Id.* at 593. No liability exists if an official reasonably responded to a

known substantial risk, even if the harm was ultimately not averted. *Id.*

Plaintiff's allegation of mere threats from other inmates fails to state a failure-to-protect

claim. Although he identifies a specific assault that occurred on January 25, 2017, he does not

allege that any of the named Defendants were aware of a specific risk of assault prior to the

incident or that they failed to take measures to prevent the risk. At most, Plaintiff alleges that on

December 14, 2016, he told Defendant Cooley he could not go to A-1 zone because "someone

was going to do something" to Plaintiff. The assault then occurred on January 25, 2017, over a

month later. Plaintiff's generalized fear that some unidentified inmate might do "something" to

him if he were moved to A-1 is not sufficient to put Defendants on notice of an excessive risk to

Plaintiff's safety. Accordingly, Plaintiff has failed to allege deliberate indifference by any of the

named Defendants.

**Grievance Process**

Liberally construed, Plaintiff claims dissatisfaction with the results of the Administrative

Remedy Process (ARP) at SMCI. He refers to several ARP grievances he filed while at SMCI.

Doc. [1] at 14-16. Plaintiff's claim regarding the grievance process fails to state a valid

constitutional claim. He possesses no constitutional right to a grievance procedure and no due

process liberty interest right to have his grievance resolved to his satisfaction. *See Geiger v.*

*Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005). Moreover, to the extent that Plaintiff alleges that any of the defendants failed to investigate his grievance adequately, such an allegation does not constitute a claim under § 1983. *Id.* at 374.

**Rule Violation Reports**

Plaintiff also refers to numerous Rule Violation Reports (RVRs) that he received while at SMCI and suggests that the RVRs were the product of retaliation and false allegations or that the RVRs violated prison disciplinary procedures. Doc. [1] at 13-16. Inmates who are charged with institutional rule violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Only those state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Id.* at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir.1995). For example, a prisoner's loss of good-time credits as a result of punishment for a disciplinary conviction, which increases his sentence beyond the time that would otherwise have resulted from state law providing mandatory sentence reductions for good behavior, must be accompanied by certain procedural safeguards in order to satisfy due process. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Plaintiff does not allege that any of the RVRs increased the duration of his sentence. Nor does he identify any procedural safeguards that were violated in the disciplinary proceedings. Rather, he makes mere conclusory allegations about the motives behind the RVRs. Accordingly, he fails to state a claim with respect to the RVRs identified in his complaint.

**Facility Transfer**

Plaintiff's request to be transferred to a facility outside the state of Mississippi and his assertion that Defendants either should or should not have transferred him to other facilities fail to state a constitutional claim. Inmates possess no constitutional right to be housed in a facility of their choosing. *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996). Hence, Plaintiff's claim is without merit.

**Prior Conviction**

In his complaint and other pleadings, Plaintiff repeatedly challenges the validity of criminal convictions dating from 2001 through 2009. In his complaint, he requests that charges be dropped and dismissed off the record. To the extent that Plaintiff alleges an improper arrest or conviction with respect to earlier criminal charges, he has not satisfied the requirements of *Heck v. Humphrey*, 512 U.S. 477 (1994), because he has not alleged that the conviction in question has been invalidated.

**RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Defendants' [59] Motion for Summary Judgment be GRANTED and that Plaintiff's 42 U.S.C. § 1983 civil rights complaint be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii). The undersigned therefore recommends that Plaintiff be assessed a strike pursuant to 28 U.S.C. § 1915(g). Plaintiff should be cautioned that if he acquires three or more strikes, he shall be barred from proceeding *in forma pauperis* unless he is under imminent danger of serious physical injury.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 5th day of June 2019.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE

9